UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| GARY HOWARD,          ) <br> ) <br> Plaintiff,          ) <br> ) <br> v.          ) <br> ) <br> MHT USA LLC, and          ) <br> KRONES, INC. (WISCONSIN),  ) <br> ) <br> Defendants.          ) <br> _____/ | Case No.: |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, GARY HOWARD ("Plaintiff" or "Howard"), and files his Complaint against Defendants, MHT USA LLC ("MHT") and KRONES, INC. (WISCONSIN) ("Krones"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*.

1

as amended by the Families First Coronavirus Response Act ("FFCRA") Pub.L. No. 116-127, 134 Stat. 178 (2020).

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendants' retaliation for Plaintiff's lawful exercise of his rights under the FMLA and FFCRA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Howard, is a citizen of the United States, and is and was at all times material, a resident of the state of Georgia.

6. Defendant, MHT, is a Foreign For-Profit Corporation, with its principal office in Peachtree City, Georgia.

7. Defendant does business and Plaintiff worked for Defendant in this Judicial District at 665 Highway 74 South, Suite 700, Peachtree City, Georgia 30269.

8. Defendant, Krones, is a Foreign For-Profit Corporation, with its principal office in Franklin, Wisconsin.

9. MHT is a subsidiary of Krones.

10. Defendants are employers as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all statutory prerequisites to filing this action.

12. On September 28, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

13. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

14. On August 9, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

15. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendant in a full-time capacity for approximately one year and three months. At the time of his termination, Plaintiff held the position of Project Manager for North and South America.

17. Plaintiff is a disabled male.

18. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

20. Plaintiff's disability impacts his major life activities including but not limited to walking, standing, and lifting.

21. On or about June 12, 2020, Plaintiff began to experience COVID-19 like symptoms.

22. Plaintiff verbally informed Andres Krampe, MHT CEO, that he was not feeling well and requested to be excused from work for the day.

23. On or about June 15, 2020, Plaintiff had a doctor's appointment via phone. Plaintiff's doctor, Dr. Noreen A Mercando, ordered that Plaintiff undergo a COVID-19 test.

24. Plaintiff was tested for COVID-19 on or about June 15, 2020.

25. Plaintiff underwent a second COVID-19 test the following day.

26. On June 19, 2020, Dr. Mercando informed Plaintiff his test results had come back negative. However, Plaintiff was still presenting symptoms of COVID-19. As a result, Dr. Mercando advised he return for a follow up appointment three days later.

27. Around this time, Plaintiff began to experience paralysis of the left side of his body.

28. On or about June 22, 2020, Plaintiff was still presenting symptoms of the COVID-19 virus as well as the paralysis of the left side of his body. Dr. Mercando informed Plaintff she believed he may have had a stroke or be suffering from Multiple Sclerosis. As a result, Dr. Mercando referred Plaintiff to see Dr. Nikki Bradley at Kaiser Permanente Southwood Comprehensive Medical Center.

29. That same day, Plaintiff was examined by Dr. Bradley, who advised Plaintiff to remain out of work for two weeks due to his symptoms.

30. On June 23, 2020, Plaintiff emailed Mr. Krampe and requested to utilize FFCRA paid leave to cover the time he had been absent from work. Plaintiff included the dates of each COVID-19 test he received and doctor's appointment he attended during his quarantine, as well as the supporting doctor's note from Dr. Bradley.

31. Mr. Krampe claimed Plaintiff was not eligible to utilize the FFCRA because the company allegedly had over 500 employees.

32. Mr. Krampe did not inform Plaintiff of his rights to utilize FMLA.

33. On or about July 6, 2020, Plaintiff returned to work.

34. Upon his return to work, Plaintiff was walking with a visible limp as he had to drag his left leg due to the paralysis.

35. Plaintiff informed Mr. Krampe that his doctor believed he had experienced a stroke and he was going to see a neurologist to undergo testing to confirm this diagnosis.

36. On July 8, 2020, Plaintiff notified Mr. Krampe that he had an appointment scheduled at Southwood Neurology on July 9, 2020, and appointment at Stonecrest Radiology on July 10, 2020.

37. On July 9, 2020, Plaintiff attended his neurology appointment.

38. Plaintiff reported to work following his neurology appointment. Upon his arrival at work, Mr. Krampe called Plaintiff into the conference room and terminated Plaintiff's employment under pretext.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Interference in Violation of the FMLA

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

42. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendants for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

43. At all times relevant to the case, Defendants were and are covered "employers" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

44. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

45. Defendants interfered with Plaintiff's lawful exercise of his FMLA rights.

46. Defendants' actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendants' willful violations of the FMLA, to which he is entitled to legal relief.

## Count II:
## Retaliation in Violation of the FMLA

48. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-40 above.

49. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendants for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

50. At all times relevant to the case, Defendants are and were covered "employers" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

51. Plaintiff exercised or attempted to exercise his rights under the FMLA.

52. Defendants retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

53. Defendants' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

54. Plaintiff was injured due to Defendants' willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count III:
## Disability Discrimination in Violation of the ADA

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

56. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

57. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant, MHT.

58. Defendant, MHT, is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59. Defendant, MHT, violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

60. Defendant, MHT intentionally discriminated against Plaintiff on the basis of his disability.

61. As a direct and proximate result of MHT's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

62. MHT's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
### Failure to Accommodate in Violation of the ADA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

64. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant, MHT.

65. MHT was aware of Plaintiff's disability.

66. MHT failed to accommodate Plaintiff's disability.

67. MHT's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

68. MHT's actions have cause Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

69. Defendant, MHT, has engaged in discriminatory practices with malice and reckless indifferent to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count V:
## Retaliation in Violation of the ADA

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

71. Defendant, MHT retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

72. MHT's conduct violates the ADA.

73. MHT's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

74. MHT's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

75. Defendant, MHT has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count VI:
### Family and Medical Leave Act/Families First Coronavirus Response Act/Emergency Paid Sick Leave Interference

76. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

77. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA, thus, all of the FMLA notice requirement and prohibition on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

78. Defendant, MHT is a company with less than 500 employees and is thus subject to the FFCRA.

79. Defendant, Krones, is a company with less than 500 employees and is thus subject to the FFCRA.

80. Plaintiff was eligible or sick leave and paid leave under the FFCRA.

81. Plaintiff requested leave because he perceived he was unable to work due to being required to quarantine.

82. Defendants interfered with Plaintiff's lawful exercise of his FFCRA rights.

83. Defendants' conduct is willful, and Defendant intended to deprive Plaintiff of his rights under the FFCRA.

84. Defendants illegally terminated Plaintiff in violation of the FFCRA.

85. There is a causal connection between the adverse actions and the employment actions here, including the termination of Plaintiff.

86. Plaintiff was injured due to Defendants' willful violations of the FFCRA, to which he is entitled legal relief.

## Count VII:
**Family and Medical Leave Act/Families First Coronavirus Response Act/Emergency Paid Sick Leave Retaliation**

87. Plaintiff re-alleges adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

88. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA, thus, all of the FMLA notice requirement and prohibition on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

89. Defendant, MHT, is a company with less than 500 employees and is thus subject to the FFCRA.

90. Defendant, Krones, is a company with less than 500 employees and is thus subject to the FFCRA.

91. Plaintiff was eligible or sick leave and paid leave under the FFCRA.

92. Plaintiff requested leave because he perceived he was unable to work due to being required to quarantine.

93. Plaintiff was terminated as a result of his protected activity.

94. Defendants unlawfully retaliated and otherwise discrimainted against Plaintiff for exercising or attempting to exercise his FFCRA rights.

95. Defendants' conduct was willful, and Defendant intended to deprive Plaintiff od his rights under the FFCRA.

96. There is a casual link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

97. Plaintiff was injured due to Defendants' willing violations of the FFCRA, to which Plaintiff is entitled legal relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendants to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar No. 497511
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.martoccio@spielbergerlawgroup.com

Counsel for Plaintiff